UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal Action No. 5: 15-106-DCR |
| V. | ) | |
| LISA DAWN CROWE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Lisa Crowe has filed a motion for compassionate release under the First Step Act of 2018. [Record No. 200] Crowe asserts that she is suffering from Stage IV terminal breast cancer and requests a reduction in her sentence to time served. The motion will be denied because a reduction in Crowe's sentence would not comport with the factors outlined in § 3553(a).

# I.

Crowe pleaded guilty to conspiring to distributing oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, and being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). [Record No. 94] She was sentenced to 135 months imprisonment on the conspiracy charge and 120 months on the felon in possession charge, to run concurrently, for a total term of imprisonment of 135 months. [Record No. 134] Crowe's term of incarceration is to be followed by a six-year term of supervised release. In considering the factors identified in 18 U.S.C. § 3553(a) at the time of the sentencing hearing, the Court explained that the nature of the crime was quite serious, as were the circumstances of the offense. Crowe was the leader

of a conspiracy that involved members of her family. [Record No. 150, p. 78] Further, her sentence provided adequate deterrence and corresponding protection to the public. The Court noted that a sentence below the high end of the guideline range would unduly diminish the seriousness of the conduct in which Crowe was engaged. [*Id*. at 80.]

Crowe appealed her sentence, claiming that it was substantively unreasonable. Specifically, she argued that it was greater than necessary and that the fine was not appropriate. [Record No. 153] The Sixth Circuit, however, affirmed.

Crowe's sentence was later reduced to 94 months. [Record No. 168] Thereafter, Crowe sought compassionate release from the custody of the Bureau of Prisons ("BOP"). [Record No. 200-6] The BOP denied Crowe's initial request for release, explaining that she did not meet the its terminal illness criteria. More specifically, Crowe does not have indicators that suggest an end-of-life trajectory. Further, there are treatments available for her condition, and Crowe is still independent with all aspects of daily living. As the BOP explained, if treatment does not improve her condition, Crowe may submit a new request for compassionate release.

Crowe disagrees with the BOP's determination and has moved the Court for compassionate release based upon her diagnosis of terminal Stage IV breast cancer. Crowe previously had multi-focal breast cancer that had been in remission since 2010. While serving her term of incarceration, Crowe received treatment from an emergency room due to stomach pain in October 2019. [Record No. 200-2] The examining physician concluded that there were "probable metastatic deposits to the left pleural space, sternum, superior mediastinum and deep soft tissues adjacent to the left side of the superior mediastinum." [*Id*.] Crowe underwent a CT scan on November 27, 2019, which confirmed that she was suffering from metastatic disease. Dr. Prasanth Ganesa concluded that she had Stage IV breast cancer and,

while the disease was not curable, it was difficult to estimate survival at that time. [Record No. 200-4]

The United States opposes Crowe's motion for compassionate release. [Record No. 203] It argues that the BOP cannot provide an accurate prognosis of life expectancy until it determines how Crowe responds to her current treatment regime. Accordingly, the United States believes that it is unclear whether her cancer will result in death. Additionally, the United States notes that Crowe is still independent with her daily living activities. And it further argues that the sentencing factors weigh against granting. More specifically, releasing Crowe after serving only 50 months of her term of incarceration would be contrary to the purposes of sentencing.[1]

The United States provided a letter from Dr. Charles Langham, the Clinical Medical Director of FMC Carswell, concluding that he was unable to determine a prognosis until he observes Crowe's response to her treatment regime. [Record No. 207-3] He explains that Crowe has undergone a port placement and had her first dose of chemotherapy. The letter outlines that a typical treatment response is determined after additional scans are taken 3 to 5 months after beginning chemotherapy. An MRI of her brain which was negative, but a PET/CT scan was positive for metastasis (bone, liver, left mediastinal, and pleural). Dr. Langham also explains that Crowe is currently independent with activities of daily living.

**II.**

Title 18 of the United States Code, Section 3582(c), allows the Court to modify a term of imprisonment for "extraordinary and compelling reasons." Prior to the passage of the First

---

[1] Crowe's sentence was reduced to 94 months on January 31, 2018. [Record No. 168]

Step Act of 2018, a court could only consider a motion for compassionate release from the Director of the Bureau of Prisons. However, section 603 of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to provide defendants the opportunity to appeal the denial of a request for compassionate release after exhausting administrative remedies or if the warden failed to act within 30 days from receiving a request for compassionate release. Pub. L. No. 115-391, § 603(b).

The Court may modify a sentence for extraordinary and compelling reasons only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *United States v. Handerhan*, No. 1:10-CR-00298, 2019 U.S. Dist. LEXIS 55367, at *1 (M.D. Pa. Apr. 1, 2019). Compassionate release requires a showing of: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors. United States Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018).[2] Application note 1 enumerates certain extraordinary and compelling reasons, including:

> (A) Medical Condition of the Defendant.—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death

---

[2] United States Sentencing Guidelines § 1B1.13 has not been modified since the passage of the First Step Act. *See United States v. York*, No. 3-11-CR-76, 2019 U.S. Dist. LEXIS 119768 (E.D. Tenn. July 18, 2019) ("While this particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G § 1B1.13 to provide guidance on the "extraordinary and compelling reasons that may justify a sentence reduction.").

> within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>   (I) suffering from a serious physical or medical condition,
>   (II) suffering from a serious functional or cognitive impairment, or
>   (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, n. 1. Granting compassionate release is discretionary, not mandatory.

Crowe asserts that her stage IV terminal breast cancer constitutes an extraordinary and compelling reason to justify a sentence reduction. United States Sentencing Guidelines application notes explain that a "specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required." U.S.S.G § 1B1.13, n. 1(A)(i). Further, the application notes list "metastatic solid-tumor cancer" as an example of a terminal illness that would qualify as an extraordinary or compelling reason for a sentence reduction. *Id*.; *see also United States v. Beck*, No 1:13-CR-186-6, 2019 U.S. Dist. LEXIS 108542, at *2 (M.D. N.C. June 28, 2019). However, Dr. Charles Langham concluded that a specific prognosis could not occur until he observed Crowe's response to treatment. [Record No. 207-3] Crowe's medical records reflect that her oncologist included a prognosis of 1-5 years of life, depending on her response to treatment. [Record No. 207-1, p. 21] Further, her records state that "RIS or compassionate release can be automatic if [she is] minimally or non responsive (sic) to treatments." [*Id*.] While the Court is sympathetic to Crowe's cancer diagnosis and while it qualifies as an "extraordinary and compelling reason," the remaining factors do not support early release at this time. *See United States v. Webster*, No. 3:91cr138, 2020 U.S. Dist. LEXIS

23224 (E.D. Va. Feb. 10, 2020) (finding that the defendant was eligible for compassionate release because of his Stage IV colon and prostate cancer but declining to grant early release because the § 3553(a) factors strongly favored continued incarceration).

The Court must also consider whether Crowe represents a danger to the community. Crowe organized and supervised supervised people in a drug conspiracy that distributed approximately 5,000 oxycodone pills. And she committed the offense less than two years after her parole expired for a prior drug distribution conviction. [Record No. 141; *see United States v. Gotti*, No. 02 CR 73-07, 2020 U.S. Dist. LEXIS 8612 (S.D.N.Y. Jan. 15, 2020) (denying a motion for compassionate release because the frail and sickly defendant remained a danger to the community through his ability to command others to engage in acts of violence).] Crowe also possessed a weapon during the scheme. [Record No. 141, p. 7] While Crowe's deteriorating health condition mitigates some of the risk of danger, she still presents a danger to the community.

Finally, the Court considers whether the § 3553(a) factors support a sentence reduction. They include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for –
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
> (5) any pertinent policy statement . . . by the Sentencing Commission;

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In *United States v. Willis*, a district court denied a motion for compassionate release where the defendant was wheelchair-bound, blind, required 24/7 care, and had a prognosis of less than 18 months to live based on his medical conditions because granting the motion would not meet the goals of § 3553(a). 382 F. Supp. 3d 1185 (D.N.M. 2019); *see also United States v. Chambliss*, No. 19-50741, 2020 U.S. App. LEXIS 2694 (5th Cir. Jan. 28, 2020) (affirming the district court's denial of compassionate release when the defendant had committed a serious drug crime only two years after release from incarceration and while on parole). Similar to *Willis* and *Chambliss*, the § 3553(a) factors do not support a reduction in Crowe's sentence.

Reducing Crowe's sentence further would unduly diminish the seriousness of her conduct. She supervised a drug trafficking conspiracy and involved her family members (including her nephew whom she raised) in her criminal conduct. Release at this time would not provide just punishment nor adequate deterrence. Likewise, release would not protect the public from further potential crimes committed by the defendant. And reducing her sentence would also not promote respect for the law. It should be again noted that after Crowe was released from imprisonment following conviction for a state felony drug offense, she returned to drug distribution within less than two years after her parole expired. Further, her suggested caregiver is currently on active supervision with the United States Probation Office. Put simply, releasing her roughly halfway through an already reduced sentence would not meet the goals and objectives of sentencing.

Accordingly, it is hereby

**ORDERED** that Defendant Lisa Dawn Crowe's motion for compassionate release [Record No. 200] is **DENIED**.

Dated: February 12, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky