UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-106-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LISA DAWN CROWE, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Lisa Crowe has filed a second motion requesting reconsideration of the Court's denial of her motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). [Record No. 216]  She has also filed a "supplemental motion" providing a list of citations to authority in support of her prior motion.  [Record No. 217]  In essence, Crowe contends that her medical condition has worsened and that she meets the conditions for compassionate release.  The Court denied Crowe's initial motion for reconsideration because it was untimely. [Record No. 212]  Crowe has not identified any circumstances that change that determination.

Again, the Court is sympathetic to Crowe's situation.  However, defendants must exhaust administrative remedies before appealing to the court.[1]  Crowe's initial motion for reconsideration indicates that she submitted a renewed compassionate release request to the Bureau of Prisons on March 17, 2020.  [Record No. 211-7, p. 4]  Crowe may appeal to this

---

[1]  This Memorandum Order does not address whether Crowe's recent appeal of the denial of her earlier motion [Record No. 213] divests this Court of jurisdiction over her present motion.

Court if the warden denies the request or fails to act on it within 30 days from receiving that request. *See* § 3582(c)(1).

Finally, the Court notes that the majority of Defendant Crowe's filings were prepared and signed by Georgean Arsons, who purports to be a "trained paralegal" residing in New Jersey. By law, an individual may appear in court either *pro se* or represented by counsel. While a non-lawyer may represent herself in legal proceedings, she may not represent the interests of a third party without engaging in the unauthorized practice of law. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010); *Fortin v. Ocwen Loan Serv., LLC*, Civ. No. 15-122, 2015 WL 5693115, at *3 (D.N.H. Sept. 28, 2015).

While Arsons' desire to assist Crowe is commendable, she is cautioned to avoid the unauthorized practice of law in this matter.

For the foregoing reasons, it is hereby

**ORDERED** that Crowe's second motion for reconsideration [Record No. 216] and supplemental motion [Record No. 217] are **DENIED**.

Dated: April 8, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky